IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HAYWARD M. EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 08-576-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

---

Hayward M. Evans. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

_Feb 24_, 2011
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Hayward Evans ("Evans"). (D.I. 5.) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2003, a Delaware Superior Court jury convicted Evans of one count of first degree murder, two counts of attempted first degree murder, and three counts of possession of a deadly weapon during the commission of a felony. The Superior Court sentenced him to life imprisonment. Evans appealed, and the Delaware Supreme Court affirmed his convictions and sentence on August 3, 2004. *Evans v. State*, 854 A.2d 1158 (Table), 2004 WL 1790191 (Del. Aug. 3, 2004).

Evans filed a motion for a new trial on December 5, 2006, which the Superior Court denied on January 25, 2007 as untimely. Evans appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment. *Evans v. State*, 950 A.2d 658 (Table), 2008 WL 2332950, at *1 (Del. June 9, 2008).

## II. DISCUSSION

Evans' petition asserts the following four juror misconduct claims: (1) the trial court failed to strike two jurors who lied in voir dire; (2) the trial court failed to strike a prospective juror for forming an opinion before all evidenced was presented; (3) the trial court failed to strike a juror who engaged in "loose- talk" mid trial; and (4) the trial court conducted voir dire of the jurors in Evans' absence. (D.I. 6.) The State contends that the petition should be dismissed

1

as time-barred or, alternatively, as procedurally barred. (D.I. 11.)

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Evans' petition, dated August 2008, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Evans does not allege, and the court cannot discern, any facts triggering the application of § 2244(d)(1)(B) or (C). Evans attempts to trigger a later starting date under § 2244(d)(1)(D) by alleging that the claims were unforeseeable and not discoverable through reasonable diligence, but the court is not persuaded. As explained by the Delaware Supreme Court in affirming the Superior Court's denial of Evans' motion for new trial, the "claimed 'newly discovered evidence,' in fact, had been the subject of several on-

the-record inquiries made by the judge at Evans' 2003 trial and thus, was not newly discovered." *Evans*, 2008 WL 2332950, at *1. Consequently, the court concludes that Evans is not entitled to a later starting date because he knew the "vital facts" for the claims presented in his § 2254 petition during his trial. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)(due diligence requires reasonable diligence in the circumstances, and a petitioner is entitled to a later accrual date under § 2244(d)(1)(D) only if vital facts could not have been known). For these reasons, the one-year period of limitations began to run when Evans' conviction became final under § 2244(d)(1)(A).

The Delaware Supreme Court affirmed Evans' conviction and sentence on August 3, 2004, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Evans' conviction became final for the purposes of § 2244(d)(1) on November 1, 2004, and he had to file his § 2254 petition by November 1, 2005. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions). Evans, however, did not file his habeas petition until August 8, 2008,[1] almost three full years after

---

[1] Evans filed a handwritten document dated August 8, 2008, asking for habeas relief. (D.I. 1.) The court notified Evans of his rights under AEDPA, and provided an application form for him to fill out in order to present his claims in a more coherent fashion. (D.I. 3.) On November 3, 2008, Evans filed an amended habeas petition on the form provided by the court. (D.I. 5.)
A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The court adopts the date on the original handwritten document, August 8, 2008, as the filing date for the instant petition; presumably, Evans could not have presented the petition to prison officials for mailing any earlier than that date. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

3

AEDPA's statute of limitations expired. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida,* - U.S. -, 130 S.Ct. 2549, 2560 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2) of the AEDPA, a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals. *Swartz v. Meyers,* 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the [State's] applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000).

The record reveals that Evans is not entitled to statutory tolling. For instance, the Rule 33 motion for new trial he filed on December 5, 2006 in the Delaware Superior Court has no statutory tolling effect because: (1) it was filed after the expiration of AEDPA's one-year statute of limitations; and (2) its dismissal by the Delaware courts as untimely demonstrates that it was not "properly filed" for §2244(d)(2) purposes. *See Pace v. DiGuglielmo,* 544 U.S. 408 (2005). In turn, Evans did not file any other application for post-conviction review that could potentially toll the limitations period under § 2244(d)(2). Accordingly, the petition is time-barred unless equitable tolling is available.

### C. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *Holland,* 130 S.Ct. at 2560. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary

circumstance stood in his way and prevented timely filing;"[2] mere excusable neglect is insufficient. *Schlueter*, 384 F.3d at 77. Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Evans does not allege, and the court cannot discern, that any extraordinary circumstances prevented him from timely filing his habeas petition. Additionally, despite Evans' contention that the claims were "unforeseeable at the time" and were based on newly discovered evidence, the court concludes that Evans failed to exercise reasonable diligence in pursuing his claims. (D.I. 5, at ¶ 13.) As noted above, Evans either knew, or could have known (through the exercise of reasonable diligence) about the facts underlying his juror misconduct claims during his trial in 2003. At a minimum, however, Evans *certainly* knew about these issues when he filed his motion for new trial in the Delaware Superior Court in December 2006, yet he did not file his federal habeas petition until August 2008. Even if Evans believed he needed to exhaust state remedies on his "newly discovered evidence" claims before filing the instant petition, that belief was mistaken and cannot serve as a basis for equitable tolling; Evans could have filed a "protective petition" at the same time he filed his motion for new trial in the Superior Court. *See*

---

[2]*Holland*, 130 S.Ct. at 2562.

*Pace*, 544 U.S. at 416 (rejecting equitable tolling where AEDPA's limitations period expired while petitioner was pursuing state remedies on a petition that the state courts determined to be untimely); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes).

Given these circumstances, the court concludes that equitable tolling is not warranted. Accordingly, the court will dismiss the petition as time-barred.[3]

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2(2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

---

[3]Having determined that Evans' petition is time-barred, the court will not address the State's alternative basis for denying the petition.

The court has concluded that Evans' petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Evans' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 5.)

An appropriate order will be entered.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HAYWARD M. EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 08-576-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Hayward M. Evans' petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 5.)

2. The court declines to issue a certificate of appealability because Evans has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Feb 3d, 2011

CHIEF, UNITED STATES DISTRICT JUDGE